IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PATRICIA GAYDEN,** § § § **Plaintiff,** § § **v.** § § **UNITED FINANCIAL CASUALTY COMPANY,** § § § **Defendant.** § § § | **CIVIL ACTION NO. 3:19-cv-02746-E** *Jury Trial Requested* |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

NOW COMES Plaintiff **PATRICIA GAYDEN** and files this her Second Amended Complaint, and in support thereof would respectfully show the Court as follows:

### PARTIES

1. Plaintiff, **PATRICIA GAYDEN,** is an adult citizen of the State of Texas.

2. Defendant, **UNITED FINANCIAL CASUALTY COMPANY,** is an insurance company incorporated under the laws of the State of Ohio. Upon information and belief, Defendant United Financial Casualty Company's principal place of business is Cleveland, Ohio. Defendant UNITED FINANCIAL CASUALTY COMPANY has filed an answer.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in the Northern District of Texas pursuant to 28 USC §1391(a) because Defendant continuously and systematically does business within the Northern District of Texas, and is subject to personal jurisdiction in the Northern District of Texas, and is deemed a resident of the Northern District of Texas.  Venue is also proper in the Northern District of Texas because this Court possesses jurisdiction over the subject matter of this controversy.

## FACTS

5. This is an underinsured motorist lawsuit.  It arises from a three-vehicle collision which occurred on or about March 9, 2017.

6. Plaintiff was a passenger in a vehicle operated by GUADALUPE CERON.  At the time of the crash, GUADALUPE CERON was an UBER driver and Plaintiff was a paying customer.

7. The vehicle in which Plaintiff was a passenger stopped due to the vehicle in front of them stopping to make a left-hand turn.  As they were stopped in traffic, a vehicle operated by TERI TARVIN crashed into the rear of the vehicle which Plaintiff was a passenger, causing her vehicle to slam into a vehicle in front of them.  As a result, Plaintiff suffered serious injuries, including injuries to her neck which necessitated a cervical discectomy and two-level fusion.

8. At the time and on the occasion in question, TERI TARVIN was negligent in the operation of her vehicle in the following specific respects, among others:

    a. Following too closely;

    b. Failing to control her speed;

    c. Failing to maintain an assured safe stopping distance from vehicles in front of her;

    d. Failing to apply her brakes;

    e. Failing to timely apply her brakes;

    f. Failing to take proper evasive action;

    g. Failing to control her vehicle;

    h.    Failing to maintain a proper lookout; and

    i.    Driving distracted.

9. Such negligence of TERI TARVIN proximately caused, or contributed to cause, the collision in question, and the injuries and damage sustained by Plaintiff as a result thereof.

10. Following the collision made the basis of this lawsuit, the insurance carrier for TERI TARVIN tendered its policy limits of $30,000.00.

11. Plaintiff sought permission from Defendant UNITED FINANCIAL CASUALTY COMPANY to accept the policy limits from the insurance carrier for TERI TARVIN. On July 19, 2018, Defendant UNITED FINANCIAL CASUALTY COMPANY gave its permission to accept the policy limits.

12. Given Plaintiff's damages greatly exceed the policy limits of TERI TARVIN, Plaintiff has brought this lawsuit for underinsured motorist benefits.

## CAUSES OF ACTION

### TEXAS INSURANCE CODE VIOLATIONS

13. Plaintiff herein incorporates, reasserts and realleges the allegations set forth above in paragraphs 1-12 by reference as if fully set forth herein below.

14. Plaintiff was an insured or additional insured or covered person under a policy of insurance issued by Defendant UNITED FINANCIAL CASUALTY COMPANY, which among other benefits provided underinsured motorists coverage.

15. Given the amount of Plaintiff's damages as a result of the collision made the basis of this lawsuit, TERI TARVIN was underinsured. Plaintiff's medical expenses exceed $424,000.00 as well as her past lost earning capacity exceeds $30,000.00. Additionally, Plaintiff suffered other damages as a result of this collision, as set forth below. TERI TARVEN only had $30,000.00 in liability insurance, which would not fairly and equitably compensate Plaintiff for her damages.

16.     Texas Insurance Code §541.060(a)(2) requires an insurer "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."

17.     Defendant engaged in unfair settlement practices with respect to Plaintiff's claim by violating Section 541.060(a)(2) of the Texas Insurance Code in "failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."  The evidence is clear that the underinsured motorist TERI TARVIN caused the collision made the basis of this lawsuit.  As a result of this collision, Plaintiff's past medical expenses exceed $424,000.00 in addition to her past lost earning capacity which is in excess of $30,000.00.  Despite these damages, Defendant only made a settlement offer greatly below the total damages suffered by Plaintiff.  Such offer was not a prompt, fair and equitable settlement of Plaintiff's claim and violated the Texas Insurance Code as set forth above.

18.     Plaintiff sues Defendant for her compensatory damages, set forth below, and statutory damages under the Texas Insurance Code §541.152(b) for a knowing violation.

19.     Plaintiff has complied with all conditions precedent to bringing this action.

### CLAIM FOR DECLARATORY JUDGMENT

20.     Plaintiff herein incorporates, reasserts and realleges the allegations set forth above in paragraphs 1-12 by reference as if fully set forth herein below.

21.     Plaintiff hereby brings a claim under TEX. CIV. PRAC. & REM. CODE Ch. 37, the Uniform Declaratory Judgment Act, Federal Rule of Civil Procedure 57, and 28 U.S.C. §§2201 and 2202. Plaintiff requests that the Court determine the rights, status, and legal relations of the parties.

22.     Plaintiff was an insured or additional insured or covered person under a policy of

insurance issued by Defendant UNITED FINANCIAL CASUALTY COMPANY, which among other benefits provided underinsured motorists coverage.

23.     Based on the foregoing facts, and pursuant to the policy of insurance in force and effect covering Plaintiff, which was issued by Defendant UNITED FINANCIAL CASUALTY COMPANY, Plaintiff seeks a declaratory judgment construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract.

24.     Specifically, Plaintiff seeks a declaration that TERI TARVIN caused the collision made the basis of this lawsuit, that TERI TARVIN was an underinsured motorist, that Plaintiff is entitled to recover from Defendant UNITED FINANCIAL CASUALTY COMPANY, that Plaintiff's damages resulted from the motor vehicle collision made the basis of this lawsuit, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy of insurance issued by Defendant, that Defendant is contractually obligated to pay the Underinsured Motorist policy benefits, and the specific amount of damages that Defendant is obligated to pay.

## **DAMAGES**

25.     As a direct and proximate cause of the negligence of TERI TARVIN and/or the conduct and/or omissions on the part of Defendant, Plaintiff is entitled to recover at the following damages:

   a.   Past necessary and reasonable medical, hospital and pharmaceutical expenses;

   b.   Future necessary and reasonable medical, hospital, and pharmaceutical expenses, which in all probability, will be incurred;

   c.   Physical pain and suffering in the past;

   d.   Physical pain and suffering, which in all reasonable probability, will be suffered in the future;

   e.   Mental anguish in the past;

   f.   Mental anguish, which in all reasonable probability, will be suffered in the future;

    g.    Physical impairment in the past;

    h.    Physical impairment, which in all reasonable probability, will be suffered in the future;

    i.    Physical disfigurement in the past;

    j.    Physical disfigurement, which in all reasonable probability, will be suffered in the future;

    k.    Loss of earning capacity in the past;

    l.    Loss of earning capacity, which in all reasonable probability, will be suffered in the future; and

    m.    Statutory 18% penalties as authorized under the Texas Insurance Code for a knowing violation of the Texas Insurance Code as specified above.

## INTEREST

26.    Plaintiff further pleads that she is entitled to pre-judgment interest and post-judgment interest at the highest rate allowed by law.

## JURY DEMAND

27.    Plaintiff requests a jury trial.

## PRAYER

28.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon hearing and trial, that judgment be entered in her favor and against Defendant for compensatory damages, statutory damages, court costs, pre and post judgment interest as allowed by law, and for such other and further relief, where at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

*/s/ Robert M. Kisselburgh*

_____
ROBERT M. KISSELBURGH
Texas Bar No. 11538750
Email: robert@andersoninjurylaw.com
**ANDERSON LAW FIRM**
1310 W. El Paso Street
Fort Worth, Texas 76102

                                                    Telephone: (817) 294-1900
                                                    Facsimile: (817) 294-3113
                                                    **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 26, 2019, a true and correct copy of the foregoing document has been served upon the following counsel of record, in accordance with the Federal Rules of Civil Procedure.

Erik E. Ekvall                                       *VIA E-SERVICE*
Neely R. Fortinberry
EKVALL & BYRNE, L.L.P.
4450 Sigma Road, Suite 100
Dallas, TX 75244
eekvall@ekvallbyrne.com
nfortinberry@ekvallbyrne.com

                                                     */s/ Robert M. Kisselburgh*
                                                     _____
                                                     ROBERT M. KISSELBURGH